UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
	Government

	v.                                      Criminal No. 00-cr-17-2-SM

<u>Wayne S. Witham</u>,
	Defendant

**O R D E R**

Having held a hearing on petitioner's motion to [modify] the payment schedule implementing his criminal restitution order, and the government having certified that the victim has been notified of the petitioner's asserted change in economic circumstances affecting his ability to make restitution payments, and petitioner having established by a preponderance of the evidence that his current economic circumstances do not permit him to make periodic payments, it is hereby ORDERED, that:

The periodic payment schedule applicable to petitioner is hereby suspended, pursuant to 18 U.S.C. § 3664(k), given that petitioner has established by a preponderance of the evidence (generally uncontested by the government) that he is no longer employed, has insufficient funds to support himself, and cannot meet his restitution obligation, even through periodic payments. While a monthly nominal sum might be appropriate, under the

current circumstances petitioner needs what little funds he has available to feed and house himself.

As petition's economic circumstances are subject to change (he is generally employed on a contract and seasonal basis), petitioner "shall notify the court and the Attorney General of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." Id. Specifically, should petitioner become employed in the near future, as is expected, he shall promptly notify Assistant United States Attorney McCormack. And, of course, any party may move to terminate the suspension and reestablish a reasonable payment schedule on grounds that a change is warranted by petitioner's economic circumstances.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 8, 2010

cc: Michael T. McCormack, AUSA
    Seth R. Aframe, AUSA
    Robert J. Veiga, AUSA
    Wayne S. Witham, pro se